**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICKY POLK,** | ) | CASE NO. 1:13-cv-272 |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | |
| | ) | **DEFENDANT FRANCHISE WORLD** |
| **SUBWAY FRANCHISE WORLD** | ) | **HEADQUARTERS, LCC'S NOTICE OF** |
| **HEADQUARTERS,** *et al,.* | ) | **REMOVAL OF CIVIL ACTION** |
| | ) | **FROM STATE COURT TO** |
| Defendants.[1] | ) | **FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendant Franchise World Headquarters, LLC ("FWH"), incorrectly named as Subway Franchise World Headquarters, hereby removes the above-titled action from the Cuyahoga County Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV-12-798100, to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

In further support of this Notice of Removal, Defendant states:

1. On December 21, 2012, Plaintiff Ricky Polk ("Plaintiff") filed an action in the Cuyahoga County Court of Common Pleas captioned *Ricky Polk v. Subway Franchise World Headquarters, et al.*, Case No. CV-12-798100. Plaintiff's Complaint names as Defendants FWH and SBP d/b/a Subway #7745("SBP") incorrectly named as "Subway Franchises" in Plaintiff's Complaint.

2. Plaintiff's Complaint alleges the following three causes of action against Defendants under Ohio and federal statutory and common law, all of which relate to his employment with SBP and separation therefrom:

- A claim alleging that Defendants failed to pay Plaintiff minimum wage in violation of O.R.C. 4111.02 and 29 U.S.C. § 206. (Complaint Count I, ¶¶ 25-35);

---

[1] Franchise World Headquarters, LLC is the correct name for "Subway Franchise World Headquarters" and SBP d/b/a Subway #7745 is the correct name for "Subway Franchises" in Plaintiff's Complaint.

- A claim alleging that Defendants retaliatory discharged Plaintiff in violation of O.R.C. 4111.13(B) and 29 U.S.C. § 215. (Complaint Count II, ¶¶ 36-41);

- A claim alleging that Defendants intentionally inflicted upon Plaintiff emotional distress in violation of the common law of Ohio. (Complaint Count III, ¶¶42-46).

3. A true and accurate copy of the Summons and the Complaint served upon Defendants is attached hereto as **Exhibit A**. Defendants WFH and SBP were served with the Summons and a copy of the Complaint via certified U.S. Mail on January 14, 2013 and January 10, 2013, respectively.

4. Per the attached and current case docket from Cuyahoga County Court of Common Pleas, the only activity in the case thus far is the service of the Complaint upon the Defendants. (The Docket is attached hereto as **Exhibit B**). No other pleadings, orders or process have been served upon or by Defendants.

5. Under 28 U.S.C. § 1441(a), "[any] civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." A category of cases over which the United States District Courts have original jurisdiction is federal question cases – those cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Hence, this Court has original jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 206 and 215, that are alleged in Counts I and II of Plaintiff's Complaint. Moreover, Plaintiff's claims against Defendants under Ohio statutory and common law are so related to his federal FLSA claims inasmuch as they all relate to his employment with SBP and termination of his employment that this Court has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. This entire action, therefore, is removable to this Court pursuant to 28 U.S.C. § 1441(b).

6. South Euclid, Ohio is in Cuyahoga County, Ohio and the location where Plaintiff alleges the substantial part of the events giving rise to his claim occurred. Cuyahoga County,

Ohio is also the place where the current action is pending. Therefore, pursuant to 28 U.S.C. § 1391(b), venue is appropriate because the Northern District of Ohio, Eastern Division, encompasses Cuyahoga County, Ohio.

7. This Notice of Removal is timely pursuant to 29 U.S.C. § 1446(b) in that it is being filed within thirty (30) days from the date the first Defendant, SBP, was served with summons and complaint.

6. In accordance with 28 U.S.C. § 1446(b)(2), Defendant SBP consents to the removal of this action to Federal Court. The attorney for SBP is Donald C. Canestraro, located at 15950 Libby Road, Maple Heights, Ohio 44137.

7. As required by 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff and to Brian D. Spitz, counsel of record for Plaintiff, and has filed a copy with the Cuyahoga County Court of Common Pleas, Cuyahoga County, Ohio (Copy attached hereto as **Exhibit C**).

WHEREFORE, Defendant removes this case from the Cuyahoga County Court of Common Pleas to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

/s/ Robert E. Dezort
Robert E. Dezort (0059688)
Stefanie L. Baker (0086450)
FISHER & PHILLIPS LLP
9150 South Hills Blvd., Suite 300
Cleveland, OH 44147
Telephone: (440) 838-8800
Facsimile: (440) 838-8805
rdezort@laborlawyers.com
sbaker@laborlawyers.com

Attorneys for Defendant,
*Franchise World Headquarters, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Defendant Franchise World Headquarters, LLC's  Notice of Removal of Civil Action from State Court to Federal Court* was served via Regular U.S. Mail, postage prepaid, this 7th day of February, 2013 upon:

Brian D. Spitz, Esq.
David J. Fiffick
The Spitz Law Firm, LLC
4568 Mayfield Road, Suite 102
South Euclid, Ohio  44121
Brian.Spitz@SpitzLawFirm.com
David.Fiffick@SpitzLawFirm.com

Attorneys for Plaintiff

/s/ Robert E. Dezort
Robert E. Dezort