SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | SUMMONS NO. | |
|---|---|---|
| CV12798100 | D1 CM | 20653479 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

RICKY POLK    **PLAINTIFF**
VS
SUBWAY FRANCHISE WORLD HEADQUARTERS ETAL    **DEFENDANT**

SUBWAY FRANCHISE WORLD HEADQUARTERS
325 BIC DRIVE
MILFORD CT 06461-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

BRIAN D SPITZ
4568 MAYFIELD ROAD, SUITE 102

SOUTH EUCLID, OH 44121-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

SHIRLEY STRICKLAND SAFFOLD
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



By _____ Deputy

DATE
Dec 27, 2012

COMPLAINT FILED 12/21/2012





EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| RICKY POLK<br>4333 Bluestone Road #4<br>South Euclid, OH 44121<br><br>     Plaintiff,<br><br>vs.<br><br>SUBWAY FRANCHISE WORLD<br>HEADQUARTERS<br>325 Bic Drive<br>Milford, CT 06461<br><br> - and -<br><br>SUBWAY FRANCHISES<br>4265 Monticello Boulevard<br>South Euclid, OH 44121<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE<br><br><u>COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES</u><br><br><u>(Jury Demand Endorsed)</u> |

Plaintiff, Ricky Polk, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

**PARTIES & VENUE**

1. Plaintiff Ricky Polk ("Polk") is a resident of the City of South Euclid, Cuyahoga County, State of Ohio.

2. Defendant Subway Franchise World Headquarters ("Subway Corporate") is a national corporation with its principal place of business in the City of Milford, New Haven County, State of Connecticut.

3. Subway Corporate transacts business in the State of Ohio.

4. Subway Corporate supplies services in the State of Ohio.

5. Subway Corporate supplies goods in the State of Ohio.



THE SPITZ LAW FIRM

www.CallTheRightAttorney.com

6. Defendant Subway Franchises ("Subway South Euclid") is an Ohio corporation with its principal place of business in the City of South Euclid, Cuyahoga County, State of Ohio.

7. Defendants Subway Corporate and Subway South Euclid (collectively "Subway") operate and maintain a Subway location at 4265 Monticello Boulevard, City of South Euclid, Cuyahoga County, State of Ohio ("South Euclid Location").

8. At all times referenced herein, the material events alleged in this Complaint occurred in Cuyahoga County.

9. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code § 2307.382(A)(1)-(3).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this complaint.

## FACTS

11. On or about August 14, 2012, Polk met with Bobby (last name unknown), the owner of Subway South Euclid, about the prospect of employment at the South Euclid Location.

12. Bobby informed Polk that, in order to be hired, Polk would first be required to complete a 20 hour "training period."

13. Bobby informed Polk that he would not be paid wages during the training period.

14. Bobby advised Polk that the training period arrangement was "standard policy."

15. On or about August 15, 2012, Polk was hired by Subway as a dishwasher, janitor, and food preparer at the South Euclid Location.

16. That same day, Polk complained to Bobby about not receiving any wages during his training period.

17. Bobby responded to Polk's complaint by advising him to return to work.



18. On or about August 20, 2012, Polk again complained to Bobby about not receiving any wages during his training period.

19. Bobby responded to Polk's complaint by informing him "if you don't like it, you can get out."

20. Polk, reasonably believing Bobby's statement to constitute a termination of his employment, exited the South Euclid Location.

21. At the time of his unlawful termination, Polk had worked at Subway for at least 11 hours.

22. Polk was not paid any wages for the hours that he worked at Subway.

23. As a result of Subway's acts, Polk has sustained/will sustain great and irreparable injury.

24. Polk cannot be fully compensated in damages and is without an adequate remedy at law because the exact amount of damage plaintiff will sustain will be difficult to determine.

## COUNT ONE: FAILURE TO PAY WAGES

25. Polk restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

26. Polk actually worked at least 11 hours at Subway.

27. Subway did not pay Polk wages for the hours he worked at Subway.

28. Section 34a of Article II of the Ohio Constitution provides, every employer shall pay their employees a wage rate of not less than six dollars and eighty-five cents per hour …"

29. Pursuant to Ohio Revised Code § 4111.02, an employer is required to pay each of his or her employees at a wage rate of not less than the wage rate specified in Section 34a of Article II of the Ohio Constitution.

30. Pursuant to 29 U.S.C. § 206, an employer is required to pay each of his or her employees at a wage rate of not less than $7.25 per hour.



31. Subway's failure to pay Polk his lawfully earned wages violates Section 34a of Article II of the Ohio Constitution, Ohio Revised Code § 4111.02, and 29 U.S.C. § 206.

32. As a direct and proximate cause of Subway's failure to pay Polk his lawfully earned wages, Polk suffered and will continue to suffer damages.

33. As a direct and proximate cause of Subway's failure to pay Polk his lawfully earned wages, pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code § 4111.14(K), Polk is entitled to seek monetary and equitable relief, including an injunction and/or specific performance.

34. As a direct and proximate cause of Subway's failure to pay Polk his lawfully earned wages, pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code § 4111.14(J), Subway is liable to Polk for his back wages, an additional two times that amount as damages, as well as costs and reasonable attorney fees.

35. As a direct and proximate cause of Subway's failure to pay Polk his lawfully earned wages, pursuant to 29 U.S.C. § 216(b), Subway is liable to Polk for his back wages, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

## COUNT TWO: RETALIATORY DISCRIMINATION

36. Polk restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. Throughout his employment at Subway, Polk made complaints to Subway about Subway's failure to pay him wages for the hours he worked at Subway.

38. Following Polk's complaints, Subway terminated him on or about August 20, 2012.

39. Pursuant to Ohio Revised Code § 4111.13(B) and 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has



not been paid wages in accordance with the provisions of Ohio Revised Code § 4111.01 *et seq.* and/or 29 U.S.C. § 201 *et seq.*

40. Subway's termination of Polk constituted retaliatory discharge in violation of Ohio Revised Code § 4111.13(B) and 29 U.S.C. § 215.

41. As a direct and proximate cause of Subway's retaliatory conduct, Polk suffered and will continue to suffer damages.

## COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Polk restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

43. Subway intended to cause Polk emotional distress, or knew that its acts or omissions would result in serious emotional distress to Polk.

44. Subway's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

45. As a direct and proximate cause of Subway's acts and omissions as set forth above, Polk has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

46. As a direct and proximate cause of Subway's conduct and the resulting emotional distress, Polk has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ricky Polk respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:



    (i)    Requiring Subway to abolish its practice of requiring a 20 week training period before it hires its employees, as well as to abolish all retaliation.

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years.

    (iii)    Requiring removal or demotion of all supervisors who have engaged in violations of the Fair Labor Standards Act of 1938 or the Ohio Minimum Fair Wage Standards Act, retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees.

    (iv)    Creating a process for the prompt investigation of wage and hour and retaliation complaints.

    (v)    Requiring mandatory and effective training for all employees and supervisors on wage and hour and retaliation issues, investigations, and appropriate corrective actions.

(b) Issue an order requiring Subway to retroactively restore Polk to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation.

(c) For an award against Subway of compensatory and monetary damages to compensate Polk for emotional distress, personal injury, property damage and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) For an award of punitive damages against Subway in an amount in excess of $25,000;

(e) For an award of reasonable attorney's fees and non-taxable costs for Polk's claims as allowable under law;



6

(f) For an order requiring Subway to cease and desist from any employment practice which violates the Fair Labor Standards Act of 1938 or the Ohio Minimum Fair Wage Standards Act, or which retaliates against any person because he or she complained about violations of the same.

(g) For an award of the taxable costs of this action; and

(h) For an award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Brian D. Spitz (0068816)
David J. Fiffick (0089343)
THE SPITZ LAW FIRM, LLC
4568 Mayfield Road, Suite 102
South Euclid, Ohio 44121
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Brian.Spitz@SpitzLawFirm.com
       David.Fiffick@SpitzLawFirm.com

*Attorneys For Plaintiff Ricky Polk*

## JURY DEMAND

Plaintiff Ricky Polk demands a trial by jury by the maximum number of jurors permitted.

Brian D. Spitz (0068816)
David J. Fiffick (0089343)

7



CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH, 44113-0000

PICK IT UP &
DELIVER IT TO THE RIGHT
DEPARTMENT
DO NOT PUT IT IN
INTER OFFICE MAIL
THANK YOU THE MAIL CENTER

CERTIFIED MAIL

7196 9006 4922 0653 4793

RETURN RECEIPT REQUESTED
SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

SUBWAY FRANCHISE WORLD HEADQUARTERS
325 BIC DRIVE
MILFORD CT 06461-0000




UNITED STATES POSTAGE
MAILED FROM ZIP CODE
$06.400